# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Fringe Benefit Funds,<br><br>Plaintiffs,<br><br>vs.<br><br>All Agape Construction Co, LLC, a Minnesota limited liability company; and Robert Griffin,<br><br>Defendants. | Civil File No. 07-3568 PAM/JSM<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

Rosene, Haugrud & Staab, Chartered, by STEPHEN C. KELLY, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

_____, appeared for Defendants.

This matter came on for hearing before the Court on November 1, 2007, on Plaintiffs' motion for entry of Defendants' default, for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendants were served with the Summons and Complaint in the present action on August 4, 2007.

2. That Co-Defendant Robert Griffin is neither an infant nor an incompetent person.

3. That Defendants have failed to Answer, or otherwise defend, and are in default.

4. Defendants are signatories to the Bricklayers and Allied Craftworkers Local Union #1 of Minnesota May 1, 2004 – April 30, 2007 Metro Area Agreement Bricklayers & PCC's

("Metro Area Agreement") and the Agreement between Divisions of Associated General Contractors of Minnesota and Minnesota Concrete and Masonry Contractors Association, and Bricklayers and Allied Craftworkers Local Union #1 Minnesota Chapter 1 and Independent Employers Statewide Agreement Chapters 1, 3, 4, 6, 8, 11 and 15 ("Collective Bargaining Agreement").

5. Defendants have not abrogated the Collective Bargaining Agreement pursuant to the terms thereof or 29 U.S.C. §158(d), and under Article 27(C) of the Collective Bargaining Agreement, the Collective Bargaining Agreement automatically renews for successive twelve (12) month periods until abrogation occurs.

6. Pursuant to the above-referenced Collective Bargaining Agreement, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

7. Plaintiffs' TPA conducts periodic fringe benefit payroll audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

8. That Plaintiffs face irreparable harm from Defendants' delinquency because they have a continuing obligation to provide benefits regardless of whether Defendants submit the fringe benefit contribution payments.

9. That Plaintiffs' continuing harm outweighs any prejudice to Defendants resulting from the issuance of an Injunction.

10. That Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits.

11. That issuing an Injunction will serve the public interest by protecting employees, pursuant to

the Collective Bargaining Agreement, and ERISA.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs' motion for entry of Defendants' default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

2. That Plaintiffs are entitled to an Injunction in the form of the separately attached Injunction.

3. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendants will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

## ORDER

1. That Defendants are in default, and Plaintiffs are entitled to judgment against Defendant for delinquent fringe benefit contribution payments, together with interest, liquidated damages, audit fees, attorney fees, and costs.

2. Plaintiffs' motion for injunctive relief is granted under the terms set forth in the attached Injunction, and Plaintiffs are not required to provide security under Federal Rule 65(c).

3. Upon completion of the fringe benefit payroll audit of Defendants' books and records, Plaintiffs' attorney shall file an affidavit stating the amount of delinquent fringe benefit contributions, interest, liquidated damages, and audit fees. Upon the Court's approval of Plaintiffs' attorney's affidavit, the Clerk of Court shall enter judgment against Defendants,

jointly and severally, in the amount stated in the affidavit.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  November 15, 2007                    s/ Paul A. Magnuson
                                             PAUL A. MAGNUSON
                                             United States District Judge